

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00638-CR

---

GILBERT GRIMALDO                                                         APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1243882D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Gilbert Grimaldo appeals his conviction and sixty-year sentence for aggravated assault.[2] We affirm.

Appellant's indictment alleged that he had injured a woman by hitting, grabbing, and dragging her; that he had also threatened imminent bodily injury to

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 22.02(a)(2) (West 2011).

her; and that he had used or exhibited a deadly weapon (a knife) during the assault. The indictment contained a repeat offender notice, alleging that appellant had been previously convicted of murder.

Appellant filed various pretrial documents and pled not guilty. A jury convicted him, and after he pled true to the indictment's repeat offender notice, the trial court found the notice to be true and sentenced him to sixty years' confinement. He brought this appeal.

Appellant's appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief and motion, counsel avers that he has diligently reviewed the record and opines that this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). Appellant filed a pro se response to his counsel's brief, contending that the evidence is insufficient to support his conviction. The State filed a brief, arguing that the evidence is "amply sufficient."

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Roots v. State*, 419 S.W.3d 719, 723 (Tex. App.—

Fort Worth 2013, pet. ref'd). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988); *Roots*, 419 S.W.3d at 723. We have carefully reviewed the record, appellant's counsel's brief, appellant's pro se response, and the State's brief. We agree with appellant's counsel that the appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment. *See Roots*, 419 S.W.3d at 723.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 18, 2014

3