

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00469-CR

RICKY D. DAVIS                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1295152D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ricky D. Davis appeals his conviction for aggravated sexual assault of a child.[2]  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (a)(2)(B) (West Supp. 2014).

A grand jury indicted appellant with aggravated sexual assault of a child. The indictment contained a paragraph alleging that appellant had been previously convicted of two felony offenses. Through counsel, appellant filed several pretrial documents, including a motion seeking forensic DNA testing and an election for the jury to assess punishment if he was convicted.[3]

At trial, appellant pled not guilty. After the parties presented evidence[4] and arguments, a jury convicted him. Appellant pled true to the indictment's enhancement allegations, and after receiving more evidence and arguments during the punishment phase of the trial, the jury assessed his punishment at ninety-nine years' confinement. The trial court sentenced him in accordance with the jury's verdict. He unsuccessfully sought a new trial and brought this appeal.

Appellant's appointed appellate counsel has filed a motion to withdraw as counsel and a brief. In the brief and motion, counsel avers that he has diligently reviewed the record and opines that this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no

---

[3]Acting pro se, appellant also filed a document stating that he had a conflict with counsel. He alleged, in part, that his counsel had failed to get his bond reduced and had failed to contact a key witness. At trial, appellant testified that his counsel had contacted everyone whom appellant had desired.

[4]To summarize, the evidence showed that appellant isolated a twelve-year-old girl, had sex with her, and tried to sell her sexual services to other men. Testing linked (although not conclusively) a DNA buccal-swab sample from appellant to a sperm fraction collected during the victim's sexual assault exam.

arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). Appellant filed a pro-se response to counsel's brief. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Roots v. State*, 419 S.W.3d 719, 723 (Tex. App.—Fort Worth 2013, pet. ref'd). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988); *Roots*, 419 S.W.3d at 723. We have carefully reviewed the record, counsel's brief, and appellant's pro se response. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment. *See Roots*, 419 S.W.3d at 723.

PER CURIAM

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 26, 2015