**AFFIRMED as MODIFIED and Opinion Filed October 10, 2019**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-01338-CR
No. 05-18-01339-CR

**JOSE LUIS CABALLERO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-00239-Q, F18-00240-Q**

## MEMORANDUM OPINION
Before Justices Myers, Osborne, and Nowell
Opinion by Justice Osborne

Appellant was charged with two offenses: driving while intoxicated (DWI), a third offense,[1] and aggravated assault with a deadly weapon.[2] Following a jury trial, appellant was convicted for both offenses. He was sentenced to ten years' imprisonment on the DWI case and to twenty years' imprisonment on the aggravated assault case.

In two issues on appeal, appellant asks this Court to modify the judgments in both of his convictions to reflect that the trial court entered an affirmative deadly weapon finding pursuant to TEX. CODE CRIM. PROC. ANN. art. 42A.054(c). In his third issue, appellant asks this Court to

---

[1] Cause No. F18-00239-Q.

[2] Cause No. F18-00240-Q.

modify the judgment in his DWI conviction to reflect that the correct statute for the offense is TEX. PENAL CODE ANN. § 49.09(b)(2). The State does not oppose these requests.

Because the underlying facts are known to the parties and are not necessary for disposition of the appeal, we will not recite them in this memorandum opinion. TEX. R. APP. P. 47.1.

## Special Finding on Deadly Weapon

Both the indictment for DWI and the indictment for aggravated assault alleged that appellant used or exhibited "a deadly weapon, to wit: A MOTOR VEHICLE" during his commission of the respective offenses. Appellant entered pleas of guilty to both offenses and judicially confessed that he committed both offenses "exactly as alleged in the indictment." Appellant also entered pleas of true to the deadly weapon allegations contained in the indictments.

The jury found appellant guilty of both offenses "as charged in the indictment." Therefore, the jury made an affirmative deadly weapon finding in each case. *See Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985); *Roots v. State*, 419 S.W.3d 719, 724 (Tex. App.—Fort Worth 2013, pet. ref'd).

In pronouncing its sentences, the trial court said: "the Court will make an affirmative finding that a deadly weapon was used or exhibited, namely an automobile, in each of these cases." The special findings section of each judgment accurately reflects the trial court's affirmative deadly weapon finding. That section identifies the relevant statute as "TEX. CODE CRIM. PROC. art. 42.12, §3g."

Article 42.12 of the Code of Criminal Procedure was repealed and replaced with Chapter 42A, effective January 1, 2017. *See* Act of June 17, 2015, 84th Leg., R.S., ch. 770, § 1.01, eff. Jan. 1, 2017. The statutory provision relevant to the trial court's entry of an affirmative deadly weapon finding is now codified in TEX. CODE CRIM. PROC. ANN. art. 42A.054(c) (providing "[o]n an

affirmative finding regarding the use or exhibition of a deadly weapon as described by Subsection (b), the trial court shall enter the finding in the judgment of the court.").

The indictments in both cases alleged that the offenses were committed on February 2, 2018. Judgment in these cases was entered on October 3, 2018. Hence, article 42A.054(c) was the applicable statute.

We have the authority to modify an incorrect judgment when the evidence necessary to correct that judgment appears in the record. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify both judgments to read "TEX. CODE CRIM. PROC. ANN. art. 42A.054(c)" in the special findings field of the judgments.

### Correct Offense for DWI, 3rd Offense

Here, appellant was charged with, and convicted of, a third DWI offense. The offense of DWI is proscribed by TEX. PENAL CODE ANN. § 49.04(a).

The judgment in the DWI case reflects that the "Statute for Offense" is "49.09 Penal Code." Section 49.09 of the Penal Code is the statute for DWI "Enhanced Offenses and Penalties" and provides, in part, as follows:

> (b) An offense under Section 49.04, 49.05, 49.06 or 49.065 is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted:
>
> (2) two times of any other offense relating to the operating of a motor vehicle while intoxicated, operating an aircraft while intoxicated, operating a watercraft while intoxicated, or operating or assembling an amusement ride while intoxicated.

TEX. PENAL CODE ANN. § 49.09(b)(2). This statutory provision enhances a misdemeanor DWI offense to a third degree felony if a defendant has two prior DWI convictions. Because appellant has two prior convictions for DWI, this provision applies. While the recitation of "49.09 Penal

Code" is not incorrect, the judgment would be more complete if it recited the specific code provision, *i.e.*, Section 49.09(b)(2).

Additionally, the applicable statutory provisions for the offense of DWI include TEX. PENAL CODE ANN. § 49.04(a), the statutory provision that defines the offense of DWI.

As noted above, this Court has authority to modify incorrect judgments when the necessary information is available to do so. TEX. R. APP. P. 43.2(b); *Bigley,* 865 S.W.2d at 27-28; *Asberry*, 813 S.W.2d at 529-30. Accordingly, we modify the judgment in the DWI case to reflect that the "Statute for Offense" is "49.04(a), 49.09(b)(2) Penal Code."

### Conclusion

The trial court's judgments, as modified, are affirmed.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181338F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE LUIS CABALLERO, Appellant

No. 05-18-01338-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1800239-Q.
Opinion delivered by Justice Osborne.
Justices Myers and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Tex. Code Crim. Proc. art. 42.12 §3g" is replaced with "Tex. Code Crim. Proc. Ann. art. 42A.054(c)" in the "Special Findings" field.

And

"49.09 Penal Code" is replaced with "49.04(a), 49.09(b)(2) Penal Code" in the "Statute for Offense" field.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered October 10, 2019



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE LUIS CABALLERO, Appellant

No. 05-18-01339-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1800240-Q.
Opinion delivered by Justice Osborne.
Justices Myers and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Tex. Code Crim. Proc. art. 42.12 §3g" is replaced with "Tex. Code Crim. Proc. Ann. art. 42A.054(c)" in the "Special Findings" field.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered October 10, 2019

–6–