

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00051-CR
No. 07-23-00052-CR

---

**DALTON BRYCE MASSIE-WEAVER, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court Nos. CR15062 & CR14611, Honorable Bryan T. Bufkin, Presiding

---

June 22, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following pleas of not guilty, Appellant, Dalton Bryce Massie-Weaver, was convicted by a jury of retaliation in trial court cause number CR15062[1] and of possessing a prohibited weapon (a shank) in a correctional facility in trial court cause number CR14611.[2]  The jury assessed punishment at ten years confinement in each cause and

---

[1] TEX. PENAL CODE ANN. § 36.06(a)(1)(2).

[2] TEX. PENAL CODE ANN. § 38.11(d)(2).

the trial court ordered the sentences to run concurrently. In the summary portion of the judgment under Findings on Deadly Weapon, the trial court entered the following finding: "YES, NOT A FIREARM."[3] By a single issue in his original brief, Appellant maintains the trial court erred in making an affirmative deadly weapon finding because there was no evidence to show he used or exhibited a deadly weapon to facilitate the commission of an associated felony. Also raised in the original brief and expounded on in his reply brief is Appellant's complaint the deadly weapon finding is erroneous because the issue was not submitted to the jury via a special issue. We affirm both judgments.

## BACKGROUND

While incarcerated in the Hood County Jail, a correctional facility,[4] Appellant was indicted for possessing "a deadly weapon, to wit: a toothbrush sharpened to a point, that in the manner of its use or intended use [was] capable of causing death or serious bodily injury . . . ." On May 2, 2019, while Appellant was in segregation away from the general population of the jail, correctional officers heard loud noises. Officers Head and Miculka approached Appellant's cell and directed him to cease his disruptive conduct. When he did not obey their commands, they entered the cell and placed Appellant in a protective wrap. Although Appellant complied with protocol, he threatened to stab the officers in the

---

[3] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Second Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[4] "Correctional facility" is a "place designated by law for the confinement of a person arrested for, charged with, or convicted of a criminal offense" and includes a county jail. TEX. PENAL CODE ANN. § 1.07(a)(14)(A).

neck with a shank.[5]  Appellant was temporarily moved to another cell so they could conduct a search.  The shank was not found at that time.

Lieutenant Jacob Shelly,[6] who was in charge of disciplinary actions, was advised of the incident between Appellant and the correctional officers and conducted another search of Appellant's cell.  He testified the shank was discovered where Appellant told him it was located—in an envelope at the foot of the bunk.  Appellant had modified a toothbrush into a puncturing device which according to Shelly, was capable of causing death or serious bodily injury if used to stab a correctional officer in the neck area.

Appellant was restricted from possessing items which could be altered into puncturing devices.  After the shank incident, another correctional officer responded to loud banging coming from Appellant's cell.  He discovered Appellant was in possession of colored pencils.  When the pencils were confiscated, Appellant became agitated and made verbal threats against Shelly, his ex-wife, his son, and other family members.  He later made those threats in writing through inmate request forms and jail mail.  Those threats against Shelly and his family resulted in the retaliation conviction which Appellant does not contest on appeal.

### APPLICABLE LAW

In a jury trial, there are several ways a trial court may make an affirmative finding concerning a defendant's use or exhibition of a deadly weapon:  (1) where the indictment specifically alleges a "deadly weapon" and the defendant was found "guilty as charged in

_____

[5] His threats against Officers Head and Miculka, who are public servants, did not result in any charges.

[6] According to Shelly, he and Appellant were familiar with each other prior to Appellant's incarceration.

3

the indictment"; (2) where the indictment did not use the term "deadly weapon" but alleged the use of a deadly weapon per se; or (3) where the jury made an express finding of fact of use of a deadly weapon in response to submission of a special issue during the punishment stage of trial. *Duran v. State*, 492 S.W.3d 741, 746 (Tex. Crim. App. 2016) (citing *Polk v. State*, 693 S.W.2d 391, 396 (Tex. Crim. App. 1985)).[7] In *Lafleur v. State*, 106 S.W.3d 91, 92 (Tex. Crim. App. 2003), the Court of Criminal Appeals added another circumstance authorizing the trial court to enter a deadly weapon finding—a jury makes an express finding that a deadly weapon was used or exhibited when "the indictment specifically alleges the *use* of [a] 'deadly weapon.'" (Emphasis added).

In *Crumpton v. State*, 301 S.W.3d 663, 664 (Tex. Crim. App. 2009), the Court upheld a deadly weapon finding which involved the use of a motor vehicle in a case of criminally negligent homicide. The jury's verdict finding Crumpton guilty recited "as included in the indictment." *Id.* The Court reasoned the verdict's reference to the indictment constituted a finding that the deadly weapon allegation was true and the jury necessarily found that Crumpton used something that in the manner of its use was capable of causing—and did cause—death. *Id.*

**ANALYSIS**

Appellant questions the propriety of the deadly weapon finding on the basis that the issue was not submitted to the jury thereby resulting in error by the trial court in entering such finding in the judgment. We disagree.

---

[7] *See* TEX. CODE CRIM. PROC. ANN. art. 42A.054(c) (providing that "[o]n an affirmative finding on the use or exhibition of a deadly weapon as described by subsection (b), the trial court shall enter the finding in the judgment of the court").

4

In determining whether an affirmative deadly weapon finding is proper, we do not look at the facts; rather, we look to the charging instrument, the jury charge, and the jury verdict. *Polk*, 693 S.W.2d at 396. In the underlying case, the indictment charged Appellant with "intentionally or knowingly possess[ing] a deadly weapon, to wit: a toothbrush sharpened to a point, that in the manner of its *use or intented* [sic] *use* is capable of causing death or serious bodily injury, while in a correctional facility." (Emphasis added). The jury's verdict reads as follows: "We, the Jury, find the defendant, **DALTON BRYCE MASSIE-WEAVER**, guilty of the offense of Prohibited Weapon in Correction Facility, *as charged in the indictment*. (Emphasis added).

The jury, as the trier of fact, made a de facto affirmative deadly weapon finding by simply convicting Appellant based on the indictment that expressly contained and required a deadly weapon finding. *See Roots v. State*, 419 S.W.3d 719, 724 (Tex. App.—Fort Worth 2013, pet. ref'd) (citing *Polk*, 693 S.W.3d at 394). *See also Hurd v. State*, 322 S.W.3d 787, 792 (Tex. App.—Fort Worth 2010, no pet.) (upholding affirmative deadly weapon finding where indictment charged the defendant with using a deadly weapon and the jury found him guilty as charged in the indictment).[8] In the underlying case, the indictment specifically placed the issue before the jury and did not require submission of a special issue as urged by Appellant.

---

[8] *Cf. Contreras v. State*, Nos. 07-22-00185-CR, 07-22-00186-CR, 2023 Tex. App. LEXIS 3815, at *9 (Tex. App.—Amarillo June 5, 2023, no pet. h.) (mem. op., not designated for publication) (deleting deadly weapon finding where the trial court's judgment failed to comport with the verdict). Contreras was convicted under section 46.10 of the Penal Code which prohibits deadly weapons in a "penal institution" as opposed to this case which was tried under section 38.11 which prohibits certain substances and items in a "correctional facility."

The charging instrument and jury verdict before us justify entry of a deadly weapon finding in the trial court's judgment.  Appellant's sole issue is overruled, and we need not address whether the shank was used to facilitate another felony.

CONCLUSION

As the trial court's judgment in cause number CR15062 was not challenged, that judgment of conviction is affirmed.  The trial court's judgment in cause number CR14611 is affirmed.


Alex L. Yarbrough
Justice


Quinn, C.J., concurring.
Parker, J., concurring in the result.


Do not publish.