

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00331-CR

The **STATE** of Texas,
Appellant

v.

Ruben **GARZA**, Jr.,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2011CRJ000782-D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  July 30, 2014

REVERSED AND RENDERED

        The State of Texas appeals the trial court's order granting appellee's Motion to Suspend

Further Execution of Sentence ("shock probation").  The State alleges that the motion was granted

based on the erroneous entry of a nunc pro tunc judgment deleting a deadly weapon finding.

Because we conclude that the trial court corrected a judicial error by deleting the deadly weapon

finding after the expiration of its plenary power, we vacate the nunc pro tunc judgment as well as

the order granting shock probation and render judgment reinstating the original judgment and

sentence.

## BACKGROUND

Ruben Garza, Jr. pled guilty to the charges of burglary of a habitation (Count I) and aggravated assault with a deadly weapon (Count II). Count II of the indictment included language alleging the use of a deadly weapon, a firearm, during the commission of the assault. The trial court found Garza guilty of both counts, and assessed punishment at five years' confinement on each count, to run concurrently. The State requested that the trial court make an oral pronouncement of a deadly weapon finding as to Count II of the indictment; the trial court replied that it would do so "at the time of judgment." Sentence was imposed on November 9, 2012. The final judgment recited "YES, A FIREARM - COUNT II ONLY" in the space for deadly weapon findings. No motion for new trial was filed.

Thereafter, Garza filed a Motion to Suspend Further Execution of Sentence ("shock probation"). On April 5, 2013, the trial court held a hearing on Garza's motion for shock probation. The State objected, arguing that Garza was not eligible for shock probation due to the deadly weapon finding; the State further objected to the entry of a judgment nunc pro tunc to correct a judicial error, i.e., to delete the deadly weapon finding. The trial court sua sponte called the district clerk and other court staff to testify regarding the circumstances surrounding the signing of the original judgment. The court's administrative assistant testified that she "remembered that [she] wasn't supposed to find a deadly weapon" when preparing the judgment. The trial court signed an "Amended/Nunc Pro Tunc Judgment" which was identical to the original judgment except that it recited "NO DEADLY WEAPON" in the space for deadly weapon findings. The trial court proceeded to hear evidence and argument regarding the motion for shock probation. The trial

court subsequently granted Garza's motion for shock probation and placed Garza on community supervision for a term of ten years. The State timely appealed.[1]

APPLICABLE LAW

### a. "Shock Probation"

"Shock probation" is the term used to describe a trial court's action in awarding a convicted defendant probation[2] after the defendant has already spent some time in confinement. *Heimlich v. State*, 988 S.W.2d 382, 382 n.2 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). A trial judge may not grant shock probation unless the defendant is eligible for judge-ordered community supervision. *State v. Posey*, 330 S.W.3d 311, 315 (Tex. Crim. App. 2011). Section 3g of article 42.12 prohibits the imposition of judge-ordered community supervision if a deadly weapon finding is made reflecting that the defendant used or exhibited a deadly weapon during the commission of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 3g(a)(2), 6 (West Supp. 2013); TEX. PENAL CODE ANN. § 1.07(17) (West Supp. 2013) (defining "deadly weapon").

### b. Nunc Pro Tunc

The purpose of a nunc pro tunc order is to correctly reflect, from the court's records, a judgment actually made, but which for some reason was not properly entered. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988); *see Ex parte Dopps*, 723 S.W.2d 669, 670 (Tex. Crim. App. 1986). A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). Nunc pro tunc orders are for correction of clerical

---

[1] Garza did not submit an appellate brief.

[2] Although the statutory term for probation was legislatively changed to "community supervision" in 1993, both terms refer to the same process and are used interchangeably by the courts. *See State v. Posey*, 330 S.W.3d 311, 312 n.1 (Tex. Crim. App. 2011).

errors. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). "A clerical error is one which does not result from judicial reasoning or determination." *Poe*, 751 S.W.2d at 876. In other words, a nunc pro tunc order can only be used to make corrections to ensure that the judgment conforms with what was already determined and not what should have been determined; "before a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was . . . actually rendered or pronounced at an earlier time." *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984). Whether an error is judicial or clerical in nature is a question of law. *Alvarez*, 605 S.W.2d at 617; *Poe*, 751 S.W.2d at 876.

## DISCUSSION

Here, there is no evidence in the original record that the trial court intended to enter a finding of no deadly weapon. To the contrary, the trial court clearly noted on the judgment that a firearm was used only in Count II. Additionally, the record contains ample evidence that Garza did use a deadly weapon during the commission of the assault. Testimony was presented from medical personnel that the victim sustained a gunshot wound to the face. Both Garza and the victim testified that Garza brought a loaded gun to the crime scene and shot it at the victim. Garza admitted that he willingly gave the firearm to the police after the incident. When pronouncing the sentence, the trial court criticized Garza's decision to take the gun to the crime scene.

Based on this record, we conclude that the trial court acted to correct a judicial error when entering the nunc pro tunc judgment. In fact, it appears as though the trial court changed its record to reflect what it believed should have been done, not what actually occurred. *See Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) ("The trial court cannot, through a judgment nunc pro tunc, change a court's records to reflect what it believes should have been done."). The trial court was not authorized to enter a judgment nunc pro tunc correcting a judicial error outside of

its plenary power.[3] *See Loud v. State*, 329 S.W.3d 230, 236 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Having determined that the trial court was not authorized to enter the nunc pro tunc judgment deleting the deadly weapon finding, we likewise conclude that the trial court erred in granting the motion for shock probation and placing Garza on community supervision. Because Garza is bound by the original deadly weapon finding, Garza was not eligible for judge-ordered community supervision, and thus was also ineligible for shock probation. *See* TEX. CODE CRIM. PROC. art. 42.12 §§ 3(a), 3(g)(a)(2), 6 (West Supp. 2013); *see also Posey*, 330 S.W.3d at 313-14 (confirming that deadly weapon finding renders defendant ineligible for shock probation). Therefore, the trial court erred in granting Garza's motion for shock probation.

Accordingly, we sustain the State's sole issue on appeal. We order the amended/nunc pro tunc judgment vacated and set aside. *See In re Fuselier*, 56 S.W.3d 265, 268 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (nunc pro tunc judgment made to correct judicial error is void); *In re Cherry*, 258 S.W.3d 328, 334 (Tex. App.—Austin 2008, orig. proceeding) (same). We additionally vacate the order for shock community supervision. *See* TEX. CODE CRIM. PROC. art. 42.12 §§ 3(a), 3(g)(a)(2), 6 (West Supp. 2013); *see also Posey*, 330 S.W.3d at 313-14 (confirming that deadly weapon finding renders defendant ineligible for shock probation). We render judgment reinstating the original judgment and sentence.

Rebeca C. Martinez, Justice

PUBLISH

---

[3] The trial court's judgment and sentence was imposed on November 9, 2012. Because Garza did not file a motion for new trial or an arrest of judgment, the trial court's plenary power to modify its judgment expired on December 10, 2012, thirty days from November 9, 2012. *See* TEX. R. APP. P. 21.4, 22.3.