

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00378-CR

Roberto **GARCIA**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 13-04-10924-CR
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Jason Pulliam, Justice

Delivered and Filed:  May 13, 2015

AFFIRMED

Appellant, Roberto Garcia, Jr., pled guilty to charges of aggravated assault with a deadly

weapon and engaging in organized criminal activity.  He appeals, raising two issues: (1) the trial

court erred by reforming the written judgment through a nunc pro tunc judgment to include a

finding Garcia used a deadly weapon; and (2) the trial court erred by ruling it did not have

continuing jurisdiction to consider shock probation.[1]  We affirm the trial court's judgment.

---

[1] Although Garcia pled guilty and waived his right to appeal, we address appellate issues pertaining to the veracity of a nunc pro tunc judgment and jurisdiction to enter a nunc pro tunc judgment.  Nunc pro tunc judgments are separate, appealable orders.  *See Blanton v. State*, 369 S.W.3d 894, 903-04 (Tex. Crim. App. 2012).

**Background**

Roberto Garcia, Jr. was charged by a two-count indictment with the offenses of aggravated assault with a deadly weapon and engaging in organized criminal activity. Both charges assert Garcia committed the offenses by "shooting at [the victim] with a firearm." On December 4, 2013, Garcia pled guilty to the offenses as charged, and the trial court sentenced him to ten years' confinement, pursuant to the plea agreement. On February 26, 2014, Garcia filed a timely motion for shock probation and attached to it a copy of the trial court's original written judgment. In this motion, Garcia requested shock probation because the original written judgment reflected the acronym "N/A" in the section titled: "Findings on Deadly Weapon" for both counts.

The trial court denied Garcia's motion, finding it did not have continuing jurisdiction to grant shock probation because Garcia was convicted of offenses that involved the use or exhibition of a deadly weapon. In a letter written to the parties and included in the record, the trial court concluded the judgment "should have reflected that affirmative finding as required by TCCP 42.12, Sec. 3g[(a)](2)" and "the judgment clearly states that the offense for which the defendant was adjudicated involved the use or exhibition of a deadly weapon . . . [s]ince the provisions of TCCP 42.12, Sec. 3g[(a)](2) are ministerial in nature, the judgment needs to be corrected *nunc pro tunc* to reflect the affirmative finding on the deadly weapon." The trial court then directed the State to file a motion for judgment nunc pro tunc to reform the written judgment. The court later granted the State's motion and changed the original judgment to replace "N/A" with "YES, A FIREARM."

**Nunc Pro Tunc Judgment**

In his first point of issue, Garcia argues the trial court erred by granting the motion for judgment nunc pro tunc, thereby reforming the written judgment to include an affirmative finding of use of a deadly weapon that did not appear on the original, written judgment. Garcia contends

this is error in two ways: (1) the nunc pro tunc judgment changed a matter of judicial reasoning or discretion, which the court lacked authority to reform; and (2) the trial court entered the judgment after its jurisdiction had expired.

### *Applicable Law*

The purpose of a nunc pro tunc judgment is to provide the trial court with means to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the written record. *See Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012). For a nunc pro tunc judgment to be proper, the record must show the judgment, as changed, was actually rendered at an earlier time, as this vehicle may not be used to change a record to reflect what a trial court concludes should have been done. *Id.* at 898. Therefore, a nunc pro tunc judgment may not be used to correct a judicial omission nor involve judicial reasoning; corrections made to the record by a nunc pro tunc judgment are limited to clerical errors. *Id.* "[A] nunc pro tunc judgment is improper if it modifies, changes, or alters the original judgment pronounced in court, or has the effect of making a new order." *Id.* Determination whether a correction involves a judicial omission or is clerical in nature is a question of law. *Id.*; *State v. Garza*, 442 S.W.3d 585, 588 (Tex. App.—San Antonio 2014, no pet.). The trial court maintains the power to correct any clerical error even after expiration of its plenary power. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).

### *(1) Reformation by the Nunc Pro Tunc Judgment*

Garcia does not dispute that the trial court made an affirmative finding Garcia used a deadly weapon in the commission of the offense, nor does Garcia raise as an appellate issue that the trial court erred in making such a finding. However, in the interest of caution and because the substantive appellate issue is predicated upon the making of such a finding, we review the record to determine whether it reflects the trial court made an affirmative deadly-weapon finding.

"[I]f the indictment by allegation specifically places the issue [of use or exhibition of a deadly weapon in the commission the charged offense] before the trier of fact . . . , then an affirmative finding is de facto made when the defendant is found guilty 'as charged in the indictment.'" *Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985). Further, such a finding is made as a matter of law when a firearm is used because a firearm is *per se* a deadly weapon. *Id*.

In this case, the trial court made an affirmative deadly-weapon finding de facto and as a matter of law because the indictment charged Garcia with aggravated assault with a deadly weapon, and the indictment stated Garcia shot at the victim with a firearm. Garcia pled guilty as charged in the indictment. *See id.* Furthermore, in its letter to counsel, the trial court iterated the original written judgment should have included the affirmative finding of a deadly weapon that was made when Garcia pled guilty and was convicted of offenses clearly involving the use of a deadly weapon. Therefore, we conclude the record reflects the trial court made an affirmative deadly weapon finding.

Having determined the trial court made an affirmative deadly-weapon finding, the issue in this case becomes whether the court had discretion to omit that finding from the written judgment of conviction. Garcia challenges the trial court's authority to subsequently change the written judgment of conviction to reflect a deadly-weapon finding. Garcia contends the trial court's making of such a finding is separate from the trial court's entry of such a finding, and because entry is discretionary, any subsequent change to the written judgment to reflect a deadly-weapon finding necessarily involves a matter of judicial omission and reasoning, not a clerical or ministerial matter. Thus, Garcia contends any change to a written judgment of conviction to reflect a deadly-weapon finding is erroneous.

Interpretive caselaw on the issue seems to differentiate the availability of a trial court's discretion whether to enter a deadly-weapon finding in instances when the trial court is the trier of

fact from those instances in which a jury is the trier of fact. In the situation in which the jury is the trier of fact and makes an affirmative deadly-weapon finding, courts consistently hold the trial court has no discretion but to enter this finding into the written judgment. *See Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988); *Brooks v. State*, 900 S.W.2d 468, 474 (Tex. App.—Texarkana 1995, no pet.); *Martinez v. State*, 874 S.W.2d 267, 268 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd); *State ex rel. Esparza v. Paxon*, 855 S.W.2d 170, 172 (Tex. App.—El Paso 1993, no pet.). This court has already addressed the history of this distinction and its application and analysis in the instance in which the jury was the trier of fact. *See McCallum v. State*, 311 S.W.3d 9, 18-19 (Tex. App.—San Antonio 2010). In *McCallum*, this court determined when the jury makes an affirmative deadly-weapon finding, the trial court must enter the finding into the judgment. *Id.* at 18.

The distinction in the situation in which the trial court is the trier of fact has been interpreted to originate from an implication derived from the Texas Court of Criminal Appeal's majority opinion in *Hooks v. State*, 860 S.W.2d 110 (Tex. Crim. App. 1993). In *Hooks*, the majority distinguished between the making and entering of a deadly-weapon finding and implied that entering such a finding need not follow the making of such a finding. *See id.* at 114-15. However, three justices dissented citing the Court of Criminal Appeal's holding in *Poe*, and concluding that after an affirmative deadly-weapon finding is made, the "trial court was required to 'enter' that finding. He ha[d] no discretion to do otherwise." *Id.* at 116 (Baird, J., dissenting).

The Fort Worth Court of Appeals outlined and discussed caselaw subsequent to the *Hooks* decision in the instance in which the trial court is the trier of fact. *See Roots v. State*, 419 S.W.3d 719, 725-27 (Tex. App.—Fort Worth 2013, pet. ref'd). Most importantly, the *Roots* court discussed the uncertainty of the precedential authority of the *Hooks* court's implication of discretion and the problems with interpretation that *Hooks* allows discretion in the instance in

which the trial court is the trier of fact. *Id.* Ultimately the Fort Worth court determined "the majority opinion in *Hooks* indicated that deadly-weapon matters should not be treated differently depending on whether a jury trial or bench trial occurred . . . and more importantly, section 3g(a)(2) of article 42.12 . . . does not differentiate between jury trials and bench trials." *Id.* at 727. The Fort Worth court held "because the trial court had already found, upon entering the original judgment of conviction, that appellant had used or exhibited a deadly weapon in committing aggravated assault, the court did not err by later following section 3g(a)(2) and clerically entering that finding through a nunc pro tunc judgment." *Id.* at 727-28.

We hold *Roots* to be well reasoned and persuasive. The facts in *Roots* are similar to those here, in that, Garcia was charged with, and pled guilty to, aggravated assault with a deadly weapon, and the trial court found him guilty of this charge. Further, in this case, the record reflects the trial court later recognized the written judgment did not reflect the judgment rendered in court and memorialized this error in a letter written to the attorneys. The trial court requested the State file a motion for judgment nunc pro tunc to correct the clerical error. The trial court later entered a judgment nunc pro tunc to reflect a deadly-weapon finding.

As the court held in *Roots*, in instances in which the trial court is the trier of fact we hold *Hooks* does not bar subsequent reformation by judgment nunc pro tunc to include a deadly-weapon finding. *Roots*, 419 S.W.3d at 727-28. Further, the Texas Code of Criminal Procedure Section 3g(a)(2) of article 42.12 clearly mandates that, once an affirmative finding of a deadly weapon is made, the trial court must enter that affirmative finding in the judgment. The Code of Criminal Procedure makes no distinction whether the affirmative finding is made by a jury or the trial court, but mandates only that an affirmative finding shall be entered in the written judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(21) (West Supp. 2014).

We see no reason to offer distinction in instances in which the trial court is the trier of fact from those in which the jury is the trier of fact. Accordingly, a written judgment of conviction may be reformed by judgment nunc pro tunc to reflect an affirmative deadly-weapon finding made by a trial court but omitted from the written judgment because such a reformation is clerical in nature.

### (2) Timeliness of Nunc Pro Tunc Judgment

Within his first point of issue, Garcia contends the trial court erred by granting the State's motion for judgment nunc pro tunc more than 30 days after the date of the original judgment, or outside its plenary power.

A trial court retains plenary power to modify a sentence imposed for 30 days after the date of sentencing. *See State v. Aguilera*, 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005). Generally, a trial court may not modify or correct a judgment once its plenary power expires, unless such correction is of clerical error changed through a judgment nunc pro tunc. *See Bates*, 889 S.W.2d at 309.

Here, the trial court sentenced Garcia on December 4, 2013, and signed the judgment nunc pro tunc on April 24, 2014, more than 100 days after its plenary power expired. Although the trial court entered the nunc pro tunc judgment well after the court's plenary power expired, and because we conclude the nunc pro tunc judgment corrected a clerical error, we hold the trial court did not err by entering the nunc pro tunc judgment more than 30 days from the date of sentencing. *See id.*

Therefore, Garcia's first point of issue is overruled.

### Motion for Shock Probation

In his second point of issue, Garcia contends the trial court erred by ruling it did not have jurisdiction to grant shock probation based upon Garcia's conviction for an offense involving the use of a deadly weapon. Garcia argues the court did not make a deadly-weapon finding because

the original written judgment reflected "N/A" in the space for a deadly-weapon finding. Without such a finding, Garcia contends the trial court had jurisdiction to consider Garcia's motion for shock probation.

Jurisdiction to grant shock probation exists only if the defendant would have otherwise been eligible for community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 3g(a)(2), 6(a)(1) (West Supp. 2014); *State v. Posey*, 330 S.W.3d 311, 315 (Tex. Crim. App. 2011). The Code of Criminal Procedure prohibits the imposition of judge-ordered community supervision when it is shown the defendant used or exhibited a deadly weapon during the commission of the charged offense. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2). As a result, a defendant is not eligible for shock probation when the trial court has entered an affirmative deadly-weapon finding into the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 42.14 § 6(a)(1); *Posey*, 330 S.W.3d at 315; *Garza*, 442 S.W.3d at 589.

Garcia's argument fails because the record reflects a de facto finding that Garcia used a deadly weapon, as well as a finding as a matter of law, because the weapon used was a firearm. Additionally, the trial court did make an affirmative finding and did enter the deadly-weapon finding into the written judgment. Because the record reflects Garcia used a deadly weapon, and the final written judgment nunc pro tunc contains an affirmative finding of use of a deadly weapon, the trial court was barred from granting Garcia shock probation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 3g(a)(2), 6(a)(1) (West Supp. 2014); *Posey*, 330 S.W.3d at 315.

Therefore, Garcia's second point of issue is overruled.

## CONCLUSION

For the reasons expressed above, we affirm the trial court's judgment.

Jason Pulliam, Justice

DO NOT PUBLISH