**Denied and Opinion Filed August 6, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00855-CV

**IN RE GARY WAYNE WARNER, Relator**

**Original Proceeding from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F91-41758-N**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Stoddart

Relator was convicted of felony aggravated assault in 1991 pursuant to a plea agreement. A condition of the plea was that there would be no affirmative finding of use of a deadly weapon. In February 2018, relator filed a motion for judgment nunc pro tunc in which he asked the trial court to modify the judgment to reflect that he was convicted of misdemeanor assault and not aggravated assault. On April 12, 2018, the trial court denied the motion for judgment nunc pro tunc. The trial court determined that the judgment accurately reflected the plea agreement, which provided for a felony conviction with no affirmative finding of a deadly weapon. In this original proceeding, relator challenges the denial of the motion for judgment nunc pro tunc.

"The purpose of a nunc pro tunc judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record." *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012); *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). A nunc pro tunc order may

correct clerical errors in a judgment, but not errors that are a product of judicial reasoning or determination. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (en banc). "[A] nunc pro tunc order can only be used to make corrections to ensure that the judgment conforms with what was already determined and not what should have been determined." *State v. Garza*, 442 S.W.3d 585, 588 (Tex. App.—San Antonio 2014, no pet.).

The appropriate remedy to obtain review of the denial of a nunc pro tunc motion is by a petition for writ of mandamus. *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010); *In re Holland*, No. 05-17-00375-CV, 2016 WL 8814362, at *1 (Tex. App.—Dallas Feb. 4, 2016, orig. proceeding). To be entitled to mandamus relief in a criminal case, the relator must show (1) that he has no adequate remedy at law and (2) that what he seeks to compel is a ministerial act. *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014) (orig. proceeding). The second requirement is satisfied if the relator can show he has a clear right to relief. *Id.* "A clear right to relief is shown when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.* (citing *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013)). If the relator fails to satisfy either aspect of this two-part test, relief should be denied. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Under this record, we conclude relator has not shown a clear right to relief because the record does not show a clerical error in the judgment. As such, the trial court did not have a

ministerial duty to grant the motion and modify the judgment. Accordingly, we deny relator's petition for writ of mandamus.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

180855F.P05