**Denied and Opinion Filed September 12, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00981-CV

## IN RE NEHEMIAH J. D. JACKSON, Relator

**Original Proceeding from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F05-60136**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

Relator was convicted and sentenced to 30-years' confinement in 2006 for unlawful possession with intent to deliver a controlled substance, cocaine. The judgment included a deadly weapon finding. Relator filed a motion for judgment nunc pro tunc in the trial court on July 18, 2018 seeking removal of the deadly weapon finding. The trial court denied the motion. In this original proceeding, challenges the denial of the motion for judgment nunc pro tunc and seeks a writ of mandamus directing the trial court to remove the deadly weapon finding from the judgment.

"The purpose of a nunc pro tunc judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record." *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012); *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). A nunc pro tunc order may correct clerical errors in a judgment, but not errors that are a product of judicial reasoning or determination. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *Ex parte Poe*, 751

S.W.2d 873, 876 (Tex. Crim. App. 1988) (en banc).  "[A] nunc pro tunc order can only be used to make corrections to ensure that the judgment conforms with what was already determined and not what should have been determined." *State v. Garza*, 442 S.W.3d 585, 588 (Tex. App.—San Antonio 2014, no pet.).

The appropriate remedy to obtain review of the denial of a nunc pro tunc motion is by a petition for writ of mandamus.  *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010); *In re Holland*, No. 05-17-00375-CV, 2016 WL 8814362, at *1 (Tex. App.—Dallas Feb. 4, 2016, orig. proceeding).  To be entitled to mandamus relief in a criminal case, the relator must show (1) that he has no adequate remedy at law and (2) that what he seeks to compel is a ministerial act. *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014) (orig. proceeding).  The second requirement is satisfied if the relator can show he has a clear right to relief.  *Id.*  "A clear right to relief is shown when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.* (citing *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013)).  If the relator fails to satisfy either aspect of this two-part test, relief should be denied.  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Under this record, we conclude relator has not shown a clear right to relief because the record does not show a clerical error in the judgment.  As such, the trial court did not have a ministerial duty to grant the motion and modify the judgment.  Accordingly, we deny relator's petition for writ of mandamus.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

180981F.P05