**Denied and Opinion Filed February 22, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-19-00148-CV

---

### IN RE CRAIG LA DARIUS THOMAS, Relator

---

**Original Proceeding from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1170706-T**

---

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

In this original proceeding, relator complains of the trial court's November 7, 2018 nunc pro tunc order in which the trial court granted relator's motion for additional back time credit. Relator maintains that the additional back time credit granted, however, covers the wrong time frame. Relator seeks a writ of mandamus directing the trial court to amend the judgment to reflect additional back time credit from April 6, 2014 to June 24, 2014. We requested a response to the petition for writ of mandamus. The State has not yet filed a response. The trial court, however, signed a new order denying the request for additional back time credit.

"The purpose of a nunc pro tunc judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record." *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012). A nunc pro tunc order may correct clerical errors in a judgment, but not errors that are a product of judicial reasoning or determination. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim.

App. 1994); *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (orig. proceeding). "[A] nunc pro tunc order can only be used to make corrections to ensure that the judgment conforms with what was already determined and not what should have been determined." *State v. Garza*, 442 S.W.3d 585, 588 (Tex. App.—San Antonio 2014, no pet.).

The appropriate remedy to obtain review of the denial of a nunc pro tunc motion is by a petition for writ of mandamus. *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) (orig. proceeding). To be entitled to mandamus relief in a criminal case, the relator must show (1) he has no adequate remedy at law and (2) what he seeks to compel is a ministerial act. *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014) (orig. proceeding). The second requirement is satisfied if the relator can show he has a clear right to relief. *Id.* "A clear right to relief is shown when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.* (citing *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding)). Mandamus relief should be denied if the relator fails to satisfy either aspect of this two-part test. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Here, relator asked the trial court for back time credit from April 8, 2014 to June 24, 2014. The trial court's judgment provided time credit from April 8, 2014 to May 9, 2014. Relator was arrested and placed in Dallas County Jail on April 4, 2014. Relator was sentenced on May 9, 2014. As such, the time between May 9, 2014 and June 24, 2014 is not back time credit. *See Givens v. State*, No. 05-00-00262-CR, 2001 WL 185512, at *1 (Tex. App.—Dallas Feb. 27, 2001, no pet.) ("... back time credit, by definition, cannot extend past sentencing..."); TEX. CRIM. PROC. CODE ANN. § 42.03, Sec. 2 (a)(1) (back time credit shall be given for time spent in jail "from the time of

his arrest and confinement until his sentence by the trial court."). Relator is, therefore, not entitled to back time credit between May 10, 2014 and June 24, 2014.

Under this record, we conclude relator has not shown a clear right to relief because the record does not show a clerical error in the judgment. As such, the trial court did not have a ministerial duty to grant the motion and modify the judgment. Accordingly, we deny relator's petition for writ of mandamus.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

190148F.P05