Opinion filed May 8, 2026



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00279-CR
_____

## STERLIN HEATH WRIGHT, Appellant

## V.

## THE STATE OF TEXAS, Appellees

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 15674-D**

## M E M O R A N D U M   O P I N I O N

This appeal concerns the propriety of a judgment nunc pro tunc in which the trial court corrected a judgment adjudicating guilt to include its deadly weapon finding. In a single issue, Appellant, Sterlin Heath Wright, contends that the trial court erred when it did so. We affirm.

## I. *Factual Background*

Appellant was indicted for aggravated assault (Count One) and assault family violence by occlusion (Count Two). *See* TEX. PENAL CODE ANN. §§ 22.01(b)(2)(B), 22.02(a) (West 2026). For the aggravated assault offense, the indictment alleged that Appellant "did then and there intentionally, knowingly, and recklessly cause bodily injury to JASHA DOUGLAS, by stabbing her on or about the arm and torso, and thereby caused serious bodily injury to the said JASHA DOUGLAS." *Id.* § 22.02(a)(1). The victim is Appellant's mother.

Pursuant to a negotiated plea agreement, Appellant pled guilty to the aggravated assault offense and was placed on deferred adjudication community supervision for seven years. Appellant's written plea admonishments recite that he pled guilty to a second-degree felony. In his judicial confession, Appellant stated that he had read the indictment and "committed each and every act alleged" in it and agreed that "[a]ll facts alleged in the indictment or information [were] true and correct." While there was no mention of a deadly weapon finding at the plea hearing, the trial court noted the terms of the plea bargain agreement and a "DW finding" on its docket sheet.

The trial court's order of deferred adjudication designated the charged offense as a first-degree felony and listed the statute for the offense as "22.02(B)(1) Penal Code." On the field titled "Findings on [a] Deadly Weapon," the following was entered: "YES, NOT A FIREARM." The order also recited:

> **Furthermore, the following special findings or orders apply:**
> **The Court Finds Defendant used or exhibited a deadly weapon, stabbing her, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited. Tex. Code Crim. Proc. art. 42.12 §3g.**

We note that the order bears Appellant's right thumbprint and signature. In the terms and conditions of community supervision attached to the order of deferred

adjudication, in bold typeface, Appellant was specifically instructed that he may not possess, use, sell, or have under his control any deadly weapons.

The State subsequently filed a motion to revoke Appellant's deferred adjudication and to adjudicate his guilt for the aggravated assault offense. The trial court held a hearing on the motion and considered testimony, including that of Appellant's sister who testified that she was aware that Appellant "stabbed [their] mother [and] lacerated her liver." At the conclusion of the hearing, the trial court adjudicated Appellant's guilt, revoked his community supervision, and sentenced him to imprisonment for twenty years in the Institutional Division of the Texas Department of Criminal Justice.

The trial court signed a judgment adjudicating guilt that recited a conviction for a first-degree felony, listed the violated statute as "22.02(B)(1) PC," and had "N/A" under the field marked "Findings on Deadly Weapon"; however, the judgment did not include the special finding language that was recited in the order of deferred adjudication. Less than a month later, Appellant filed a "motion to reform" the judgment "nunc pro tunc" and requested that the trial court correct the degree of the convicted offense recited in it to a second-degree felony.

Without holding a hearing, the trial court signed a nunc pro tunc judgment adjudicating guilt that: (1) corrected the degree of offense as Appellant requested; (2) corrected the applicable Penal Code section to recite Section 22.02(a)(1); (3) changed the deadly weapon finding from "N/A" to "YES, NOT A FIREARM"; and (4) added the special finding language regarding a deadly weapon that was recited in its original order of deferred adjudication. The trial court also signed a nunc pro tunc order of deferred adjudication, which corrected the applicable Penal Code section and the degree of offense, retaining the deadly weapon findings originally recited in the order.

Appellant filed a motion to reform the nunc pro tunc judgments and argued that the deadly weapon finding that was added to them was improper because (1) the indictment charged him with committing aggravated assault causing serious bodily injury and did not allege that a deadly weapon was used or exhibited during the commission of the offense, (2) Appellant's plea documents stated that he admitted to "aggravated assault," and his judicial confession admission that "all deadly weapon findings are true" was merely precatory because there was no deadly weapon allegation stated in the indictment, and (3) the "substantive change[s]" occurred after the trial court's plenary power had expired, and the indictment was not void or voidable because it properly alleged the offense of aggravated assault by causing serious bodily injury, to which Appellant pled guilty.

The trial court held a hearing, found that the omission of the deadly weapon finding in the original judgment adjudicating guilt was a clerical error, and denied Appellant's motion. In its order, the trial court stated that the absence of a deadly weapon finding in the original judgment adjudicating guilt was a clerical error and that, "[a]t the time of sentencing, the [c]ourt found that [Appellant] had used or exhibited a deadly weapon, though that finding was not stated on the record."

## II. *Analysis*

In support of his sole issue on appeal, Appellant contends that the trial court violated his right to due process when it corrected the judgment adjudicating guilt to include a deadly weapon finding because it did not hold a hearing before it signed the nunc pro tunc judgment. Appellant also contends that the trial court made this allegedly substantive change after its plenary jurisdiction had expired. Finally, Appellant contends that because the indictment is silent as to a deadly weapon allegation, a deadly weapon finding was improper. We conclude that (1) Appellant's due process rights were not violated because the trial court held a hearing on his motion to reform the nunc pro tunc judgments, (2) the trial court's affirmative deadly

weapon finding is supported by the evidence and was therefore proper, and (3) because the omission of a deadly weapon finding was a clerical error, the trial court could correct the error at any time.

A. *Deadly Weapon Findings*

For a trial court to enter a deadly weapon finding, the trier of fact must first make an "affirmative finding" to that effect. *Duran v. State*, 492 S.W.3d 741, 746 (Tex. 2016); *see* TEX. CODE CRIM. PROC. art. 42A.054(c) (West Supp. 2025). The Court of Criminal Appeals has specified several ways that the factfinder can make an affirmative deadly weapon finding. Generally, a trial court can determine that the trier of fact made an affirmative deadly weapon finding if: (1) the indictment alleged the use of a deadly weapon, and the defendant was found guilty "as charged in the indictment"; (2) the indictment alleged the use of a per se deadly weapon (e.g., a firearm); or (3) the jury made an express finding of fact pursuant to a special issue that is submitted in the trial court's punishment charge. *Wilson v. State*, 714 S.W.3d 900, 913 (Tex. App.—Eastland 2025, no pet.) (citing *Duran*, 492 S.W.3d at 746); *see Polk v. State*, 693 S.W.2d 391, 396 (Tex. Crim. App. 1985). None of these circumstances apply here. However, when the trial court is the trier of fact, it has the authority to make an affirmative deadly weapon finding if the facts show, and it believes, that the defendant used or exhibited a deadly weapon during the commission of the charged offense. *See Brown v. State*, 91 S.W.3d 353, 359 (Tex. App.—Eastland 2002, no pet.) (citing *Fann v. State*, 702 S.W.2d 602, 604 (Tex. Crim. App. 1985)); *Spencer v. State*, No. 07-24-00006-CR, 2024 WL 3872933, at *2 (Tex. App.—Amarillo Aug. 19, 2025, pet. ref'd) (mem. op., not designated for publication) (collecting cases).

Here, the indictment charged Appellant with aggravated assault and alleged that he caused the victim to sustain serious bodily injury by "stabbing" her and "thereby caus[ing] serious bodily injury" to her. Although the indictment did not

expressly allege the use or exhibition of a deadly weapon, that omission is neither fatal nor dispositive, and we conclude that the trial court's deadly weapon finding was proper in this case.

As relevant here, a "deadly weapon" is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." PENAL § 1.07(a)(17)(B) (West Supp. 2025). The Court of Criminal Appeals has explained that "there is no logical way to commit the offense of aggravated assault without using a deadly weapon." *Duran*, 492 S.W.3d at 749 (citing *Landrian v. State*, 268 S.W.3d 532, 538 (Tex. Crim. App. 2008) (noting that both statutory aggravators of simple assault involve the use of a deadly weapon)); *cf. Blount v. State*, 257 S.W.3d 712, 714 (Tex. Crim. App. 2008) (holding that the defendant received adequate notice that there would be a deadly weapon issue in a burglary-of-a-habitation case because the offense of aggravated assault cannot be committed without using a deadly weapon); *Roots v. State*, 419 S.W.3d 719, 725 (Tex. App.—Fort Worth 2013, pet. ref'd) ("[W]hile the judgment of conviction in this case does not expressly state that the trial court found appellant guilty as charged in the indictment, because the indictment did not allege that appellant caused serious bodily injury to the victim, had the trial court not found that appellant used or exhibited a deadly weapon, it could not have convicted him of aggravated assault at all."). This is especially true in this case, where the victim's injuries from the stabbing, among other things, resulted in a laceration to her liver.

Although the indictment does not specify the object that Appellant used to stab the victim, and there is no direct evidence in the record that identifies it, to "stab" denotes the use of an object, such as a knife or other pointed implement, which can be a deadly weapon if by its manner of use or intended use it is capable of causing serious bodily injury. *See Edison v. State*, No. 09-19-00261-CR, 2020 WL 3454918, at *3 (Tex. App.—Beaumont June 24, 2020, no pet.) (mem. op., not designated for

publication); *Monje-Mora v. State*, No. 11-12-00232-CR, 2014 WL 4251157, at *3 (Tex. App.—Eastland Aug. 21, 2014, pet. ref'd) (mem. op., not designated for publication) (citing PENAL § 1.07(a)(17)(B)). Whatever implement or object that was used here, the indictment alleged that Appellant caused serious bodily injury to the victim by *stabbing* her, and he judicially confessed that he did so. *See Crumpton v. State*, 301 S.W.3d 663, 664 (Tex. Crim. App. 2009); *cf. Wilson*, 714 S.W.3d at 913 ("Appellant's guilt was not conditioned on the use of a deadly weapon during the commission of the offense as there were other aggravating factors alleged in the indictment."). The implement Appellant used in the offense caused serious bodily injury to the victim and therefore it was capable of doing so. *See* PENAL § 1.07(a)(17)(B). Thus, a deadly weapon finding was proper. *See id.*; CRIM. PROC. art. 42A.054(c).

In a bench trial, the trial court need not state a deadly weapon finding in its oral pronouncement of judgment if the charging instrument alleged the use of a deadly weapon; instead, this finding may be recited for the first time in the trial court's written judgment. *Guthrie-Nail v. State*, 506 S.W.3d 1, 4 (Tex. Crim. App. 2015) (citing *Ex parte Huskins*, 176 S.W.3d 818, 821 (Tex. Crim. App. 2005) ("[A] trial court is not required to orally announce a deadly-weapon finding at sentencing if the allegation of [the] use of a deadly weapon is clear from the face of the indictment.")). Here, it is undisputed that the trial court did not orally pronounce a deadly weapon finding at the revocation hearing when Appellant was sentenced nor did it recite such a finding in its written judgment adjudicating guilt. In fact, the trial court entered "N/A" in the section for a deadly weapon finding in its judgment. However, the indictment alleged that Appellant stabbed the victim, which caused her serious bodily injury, and the evidence showed that Appellant used an object to stab the victim causing a laceration to her liver. Thus, the remaining question that we must address is whether the trial court could correct the omission of its deadly

7

weapon finding and reform its judgment adjudicating guilt to include this finding by signing a nunc pro tunc judgment.

B. *Nunc Pro Tunc Judgments*

The purpose of a nunc pro tunc judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the trial court's judgment and findings as orally pronounced in open court and those that are recited in its written judgment. *See Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012). The corrections must indicate that judgment was in fact rendered but for some reason it was not properly entered into the record at the time of judgment. *Id.* at 898.

The Court of Criminal Appeals has implied that nunc pro tunc proceedings are appropriate to include something in a judgment when a statute has created a trial court's ministerial duty to include it. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (stating that the Code of Criminal Procedure requires a trial court to grant presentence jail time credit and holding that if the trial court fails to do so, it may correct the judgment through a nunc pro tunc order). As relevant here, Article 42A.054(c) states that "[o]n an affirmative finding regarding the use of exhibition of a deadly weapon . . . the trial court *shall* enter the finding in the judgment of the court." CRIM. PROC. art. 42A.054(c) (emphasis added).

Corrections to the record are limited to clerical errors—discrepancies between the entry of a judgment in the record and the judgment that was rendered and signed—and are not appropriate for errors that involve judicial reasoning. *Blanton*, 369 S.W.3d at 898. The determination of whether an error is clerical or judicial— which is a substantive change to a judgment that cannot be remedied by a nunc pro tunc judgment—is a matter of law that we review de novo. *Id.*

A nunc pro tunc judgment is inappropriate if it modifies, changes, or alters the original judgment pronounced in open court, or has the effect of creating a new

order.  *Blanton*, 369 S.W.3d at 898.  And nunc pro tunc judgments may not be used by the trial court to change the record to show what the trial court believes should have occurred in the original proceeding.  *Id.*  After the trial court's plenary jurisdiction has expired, it may still correct clerical, but not judicial, errors in a judgment through a nunc pro tunc judgment.  *Thomas v. State*, 445 S.W.3d 288, 290 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994)); *see State v. Garza*, 442 S.W.3d 585, 588–89 (Tex. App.—San Antonio 2014, no pet.) ("The trial court [is] not authorized to enter a judgment nunc pro tunc correcting a judicial error outside its plenary power." (citing *Loud v. State*, 329 S.W.3d 230, 236 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd))).[1]

   1. *Application – The Trial Court's Nunc Pro Tunc Judgment Corrected Clerical Errors*

Appellant pled guilty to the indicted offense of aggravated assault causing serious bodily injury by *stabbing* the victim, and he judicially confessed that all facts alleged in the indictment and all affirmative findings were true.[2]  The trial court's original judgment adjudicating guilt included the notation "N/A" in the section for deadly weapon findings.  The trial court then signed a nunc pro tunc judgment in which it corrected the "N/A" notation by adding its deadly weapon finding.

---

[1]Appellant also contends that the trial court lost its plenary power and therefore its jurisdiction to make a substantive change to its judgment.  This question is resolved by our determination that the nunc pro tunc judgment corrected only clerical, and not judicial, errors.

[2]Although the trial court's order of deferred adjudication included deadly weapon findings, these are not dispositive because such findings properly apply to an adjudication of guilt.  *See Redmon v. State*, No. 06-24-00188-CR, 2025 WL 3133949, at *2 (Tex. App.—Texarkana Nov. 10, 2025, pet. ref'd) (mem. op., not designated for publication) (citing *Kinkaid v. State*, 184 S.W.3d 929, 930 (Tex. App.—Waco 2006, no pet.)).  However, they are probative of the trial court's intention to make a deadly weapon finding.  *See Thornton v. State*, No. 05-16-00565-CR, 2017 WL 1908629, at *7 (Tex. App.—Dallas May 9, 2017, pet. ref'd) (mem. op., not designated for publication) (noting the inclusion of an affirmative deadly weapon finding and special finding in the order of deferred adjudication in determining that the trial court's omission of the deadly weapon finding in the judgment was a clerical error).

On Appellant's due process issue, the Court of Criminal Appeals' decision in *Guthrie-Nail* is controlling and dispositive. In that case, pursuant to a negotiated plea agreement, the defendant pled guilty to conspiracy to commit capital murder. 506 S.W.3d at 2–4. The trial court orally pronounced the defendant guilty of "conspiracy to commit capital murder just as set forth in the indictment," which alleged an intent to enter the victim's home and kill him by shooting him. *Id.* at 2–3, 7. The plea documents did not mention or refer to a deadly weapon finding. *Id.* at 3. In its written judgment, the trial court entered the notation "N/A" in the section for deadly weapon findings. *Id.* About two months later, without holding a hearing, the trial court signed a nunc pro tunc judgment that (1) changed the "N/A" entry to "Yes, a Firearm" and (2) added a special finding that the defendant "used or exhibited a deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited." *Id.*

Because the trial court did not hold a hearing before it signed the nunc pro tunc judgment, the court remanded the case to the trial court to determine whether its failure to enter a deadly weapon finding was a clerical error or a judicial error. *Id.* at 7 ("Because the record does not conclusively establish that a deadly-weapon finding was made at or before the time the written judgment was signed, remanding this case for a hearing on the *nunc pro tunc* is not a 'useless task.'"); *see Blanton*, 369 S.W.3d at 900 ("[B]efore any unfavorable *nunc pro tunc* judgments are entered against a defendant, the person convicted must be given the opportunity to be present for a hearing and represented by counsel to afford him due process of law." (citing *Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976))).[3]

---

[3]On remand, the trial court confirmed that it intended to make an affirmative deadly weapon finding, and its subsequent nunc pro tunc judgment was affirmed on appeal. *See Guthrie-Nail v. State*, No. 05-18-00904-CR, 2019 WL 2171224, at *1–2 (Tex. App.—Dallas May 20, 2019, pet. ref'd) (mem. op., not designated for publication). However, we need not remand because, as we have said, the trial court clearly expressed that it intended to make a deadly weapon finding.

Here, after the hearing on Appellant's motion to reform the nunc pro tunc judgment to vacate the deadly weapon finding, the trial court stated in its order that the absence of a deadly weapon finding in the original judgment adjudicating guilt was a clerical error and that, "[a]t the time of sentencing, the [c]ourt found that [Appellant] had used or exhibited a deadly weapon, though that finding was not stated on the record." In other words, under circumstances similar to those in *Guthrie-Nail*,[4] the trial court followed the remedy expressed in *Guthrie-Nail*—it held a subsequent hearing to address its nunc pro tunc judgment and expressly confirmed that it had made a deadly weapon finding at the revocation hearing, at the time its written judgment was signed, and that the absence of this finding in its written judgment was a clerical error. 506 S.W.3d at 7. Thus, it is of no consequence that the trial court did not orally pronounce a deadly weapon finding at the time it sentenced Appellant because a deadly weapon finding is not part of the sentence and need not be orally pronounced. *Huskins*, 176 S.W.3d at 820–21. Furthermore, "a trial court is not required to orally pronounce a deadly-weapon finding at sentencing if the allegation of [the] use of a deadly weapon is clear from the face of the indictment." *Id.* at 821. Such is the case here.

The trial court found Appellant guilty of an offense—aggravated assault causing serious bodily injury by stabbing his mother and lacerating her liver—that logically could not have been committed without the use or exhibition of a deadly weapon. "As a matter of law, the trial court has the authority to add the affirmative finding to the judgment even without any request from the State, if the facts support that finding." *Bowman v. State*, No. 09-24-0322-CR, 2025 WL 2972653, at *15

---

[4]The circumstances here are more favorable to a finding of a clerical error: Appellant pled guilty to the charged offense of aggravated assault, his judicial confession stated that all affirmative findings made by the trial court were true, and the trial court's order of deferred adjudication included a deadly weapon finding and a special finding that Appellant had used or exhibited a deadly weapon during the commission of the charged offense.

(Tex. App.—Beaumont Oct. 22, 2025, no pet.) (mem. op., not designated for publication) (citing *Flores v. State*, 690 S.W.2d 281, 283 (Tex. Crim. App. 1985) (en banc)).  And the trial court explicitly confirmed, in its order denying Appellant's motion to reform the nunc pro tunc judgment, that it did not exercise its discretion to decline to make a deadly weapon finding because it did, in fact, make that finding.  We conclude that the omission of a deadly weapon finding in the original judgment adjudicating guilt was a clerical error as a matter of law and was subject to correction in the trial court's nunc pro tunc judgment.  *See Blanton*, 369 S.W.3d at 898; *see also* CRIM. PROC. art. 42A.054(c).

Accordingly, we overrule Appellant's sole issue.

### III.  *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


May 8, 2026

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.